The judgment should be affirmed in all respects.

PECK, P. J., and Cox, J., concur with FRANK, J.; BOTEIN, J., dissents and votes to affirm in opinion, in which RABIN, J., concurs.

Judgment modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.

DOROTHY LEWIS, Respondent, *v.* COLUMBUS HOSPITAL, Appellant, et al., Defendant.

Fourth Department, May 9, 1956.

*Robert J. Hellerer* and *David J. Goldstein* for respondent.

*Willard M. Pottle* for appellant.

WHEELER, J. The question to be reviewed upon this appeal relates to the liability of the defendant-appellant hospital for injuries received by plaintiff when the defendant, Anthony Flandina, an intern employed by the hospital, mistakenly used carbolic acid in the treatment of an earache of which plaintiff complained. Plaintiff has been awarded a verdict against both defendants. The defendant Flandina has not appealed.

A service offered to employees by the defendant hospital was free treatment for minor injuries or ailments. The plaintiff, a nurse's aide employed by the hospital, went to the first aid room of the hospital seeking relief from an earache. Defendant Flandina, a resident intern, examined plaintiff's ear and decided to treat the condition with a solution of phenol and glycerine. The bottle containing the glycerine solution stood on the medicine cabinet shelf, next to a bottle of the same shape and general appearance containing phenol (carbolic acid). Flandina " mistakenly " chose the bottle of phenol and squeezed several drops therefrom into plaintiff's ear. The resulting pain and suffering of the plaintiff was substantial; there has been a marked impairment, if not a total loss, of the use of the injured ear.

To sustain her verdict plaintiff has advanced three theories: (1) that the hospital was liable under the principle of *respondeat superior;* (2) that the hospital was negligent in employing Flandina as an intern when he was, in fact, incompetent, and a reasonable investigation would have disclosed such incompetency; (3) that the hospital was negligent in the labelling of the medicine bottles and in locating them in the cabinet, thus causing Flandina's mistake.

It is familiar law that a hospital is not liable for the negligence of its physicians and nurses in the treatment of patients. Under such circumstances, the services rendered are deemed to be "professional" in nature, and the actor is considered an independent contractor for whose negligence the hospital is not responsible. On the contrary, if the activity in which the actor is engaged is nonprofessional or "administrative" in nature, the actor, regardless of his professional status or title (*Phillips* v. *Buffalo Gen. Hosp.*, 239 N. Y. 188; *Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176) is the servant of the hospital and the latter must respond in damages for his negligence (*Schloendorff* v. *New York Hosp.*, 211 N. Y. 125).

In the case at hand, plaintiff contends that the careless selection of the wrong bottle from the medicine cabinet cannot be regarded as a professional act since it did not require professional skill or ability. The trial court submitted that issue to the jury, after an effort to describe and distinguish the two categories. We think this was error.

As we view it, this act by Dr. Flandina was part and parcel of the treatment which he was then rendering to plaintiff. It was "immediately and integrally" related to that treatment. (*Berg* v. *New York Soc. for Relief of Ruptured & Crippled*, 286 App. Div. 783, 785; see, also, *Schloendorff* v. *New York Hosp.*, supra; *Hamburger* v. *Cornell Univ.*, 240 N. Y. 328, 337, and *De Graw* v. *Corning Hosp.*, 277 App. Div. 942, affd. 302 N. Y. 755.) In the *Berg* case a qualified laboratory technician employed by the defendant hospital made an error in designating the blood factor of plaintiff in a serological test made in contemplation of a blood transfusion, and as a result, the plaintiff was infused with blood of the wrong factor, causing her injury. It was held that the act of the technician was "medical" in nature and the hospital immune from liability. A similar question was under consideration in *Hamburger* v. *Cornell Univ.* (supra, p. 337). After making the observation in that case that there was "no adequate distinction between the negligent use of a chemical in the course of an experiment and its negligent use or handling in preparation for an experiment" Judge Cardozo stated: "We should be confusing the limits of the immunity by distinctions incapable of application if we were to discover a dual relation in forms of conduct so noted."

Flandina's misfeasance was an integral part of the course of treatment, a self-executed act directly related to his proposed treatment and directly resulting from his diagnosis. To call this intermediate act of procuring the bottle of phenol "administrative" would be artificial and false and an unwarranted

separation of what is otherwise a natural continuous medical process.

The second theory upon which plaintiff's cause of action is predicated is that the hospital was negligent in employing defendant Flandina as an intern when he was, in fact, incompetent, and a reasonable investigation would have discovered such incompetency. This, of course, presupposes that the incompetency was the proximate cause of plaintiff's injury.

There is a duty imposed upon a hospital to use due care in selecting and in furnishing the doctor or nurse by whom professional services are to be performed. The care in such selection cannot be less than '' appropriate investigation of the character and capacity of the agencies of service from the highest to the lowest.'' (*Hamburger* v. *Cornell Univ., supra*, p. 339; *Bryant* v. *Presbyterian Hosp.*, 304 N. Y. 538.) Stated otherwise, a liability may be imposed upon a hospital for its failure to employ competent physicians and nurses for the treatment of patients. (*Laubheim* v. *De Koninglyke N. S. M.*, 107 N. Y. 228.)

Although it is quite certain that little, if any, care was used in making an investigation of Dr. Flandina's qualifications prior to his original employment, it does appear that he had been employed as an intern by the defendant hospital on a full-time basis for upwards of two years prior to plaintiff's injury, and that in the opinion of one of the officers of defendant he rendered '' the highest type of professional care ''. On the contrary, we find no evidence that defendant Flandina was incompetent nor any evidence that his incompetence, if it were proved, had any causal relation to plaintiff's injuries.

Although Flandina's license to practice medicine in the State of New York had been revoked some eight years prior to this incident, it appears that he had actually practiced in this State as a physician and intern for nearly thirty years. Neither at the trial nor upon this appeal has plaintiff questioned the right of the hospital to employ Dr. Flandina as an intern. The court correctly charged that '' it is immaterial whether or not the doctor was licensed to practice medicine.'' (See Education Law, § 6512, in effect as of the date of this occurrence.)* The grounds for the revocation of his license do not appear. The revocation, therefore, does not in itself disclose his incompetency as an intern. (See Education Law, § 6514.) Nor does the fact that Flandina erred in his treatment on this particular occasion prove that he was incompetent or that it was negli-

---

* This section (6512, subd. 1, par. b) (L. 1952, ch. 557) has been since amd. by L. 1953, ch. 802, eff. April 18, 1953.

gence on the part of the hospital to appoint him. (*Laubheim v. De Koninglyke N. S. M., supra.*)

In this instance the defendant Flandina admitted that he mistakenly chose the bottle of phenol and that had he carefully examined the bottle he would not have made the mistake. This negligent act obviously was not the result of his professional incompetency. His alleged incompetency having been disproved by the uncontroverted evidence, it follows that the failure of the hospital to carefully investigate becomes unimportant and immaterial. (*Hamburger v. Cornell Univ., supra,* p. 339.)

Neither do we find any merit in plaintiff's contention that the hospital was negligent either in the labelling of the bottles or their placement in the medicine cabinet. Although there is conflicting evidence relating to the detail appearing on the labels, there is no question that the labels clearly indicated the contents of each bottle, and that the word " poison " was prominently printed or typed on the bottle containing the phenol. The labelling has no relation to the selection of the phenol bottle. There is no proof that Flandina even gave the most cursory glance at the labels before the discovery of his " mistake." Although there was also conflicting evidence regarding an alleged regulation for the segregation of poisons from nonpoisons, the proof does not disclose what it was. Nor is there any evidence that it was the customary practice of hospitals to segregate poisons from nonpoisons. Since the defendant Flandina was not aware of any such regulation or custom, it cannot be argued that he relied upon it.

We find no evidence in this record to support a finding of negligence on the part of the appellant hospital which could be considered a proximate cause of this accident. In our view, the sole proximate cause of plaintiff's injury was Flandina's admitted " mistake " in failing to read the label on the bottle.

For the foregoing reasons, the judgment appealed from should be reversed and the complaint dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Bastow, JJ.

Judgment reversed on the law and facts, without costs of this appeal to any party, and complaint dismissed as to defendant Columbus Hospital, without costs.