OPINION OF THE COURT
Harold J. Hughes, J.
The issue here is whether an allegation that a hospital hired an unqualified radiology group for service in the hospital’s emergency room constitutes “medical malpractice” for the purpose of the short Statute of Limitations set forth in CPLR 214-a.
On June 25, 1977, plaintiff went to the emergency room of the Columbia Memorial Hospital for treatment of injuries sustained in a motorcycle accident. The X-ray services in the emergency room were provided by Hudson Radiology Consultants, Inc. It is alleged that the X rays taken failed to disclose the full extent of plaintiff’s injury, with the result that he was discharged from the hospital. On the same day, due to continuing pain, plaintiff went to the Albany Memorial Hospital where another series of X rays disclosed previously undiagnosed fractures of the right arm and pelvis. This action was instituted by service of a summons with notice on June 25, 1980. The hospital served its notice of appearance and demand for a complaint on October 22, 1982. An amended complaint was served in December of 1982. The allegation of wrongdoing against the hospital is negligence in hiring servants, agents, or *204 employees who failed to possess the skill and training required for the practice of radiology. Defendant hospital takes the position that the action is untimely, since it was not commenced within the two- and one-half year period provided for in CPLR 214-a covering actions “for medical malpractice”. Plaintiff takes the position that this is not a “medical malpractice” action since the wrongdoing asserted against the hospital sounds in ordinary negligence.
Although it has not yet been determined if the relationship between the hospital and the radiology group was that of employer-employee or independent contractor, the distinction is not of great importance here since plaintiff does not seek to hold the hospital liable for the wrongdoing of the radiologists (see Mduba v Benedictine Hosp., 52 AD2d 450), but rather for its independent negligence in retaining incompetent personnel. It is settled that “liability may be imposed upon a hospital for its failure to employ competent physicians and nurses for the treatment of patients” (Lewis v Columbus Hosp., 1 AD2d 444, 447). The duty imposed upon a hospital consists of conducting a background investigation to determine if the medical professional is qualified (Bryant v Presbyterian Hosp. in City of N. Y., 304 NY 538). The question before the court is whether an alleged breach of that duty by a hospital constitutes “medical malpractice” as that term is used in CPLR 214-a.
In his Supplementary Practice Commentaries, Professor McLaughlin has stated: “It should be borne in mind that the shorter statute of limitations in ‘an action for medical malpractice’ was resurrected during the 1975 malpractice insurance crisis for medical doctors. Given that history, the term should be confined to those who practice medicine within the accepted meaning of the term.” (McKinney’s Cons Laws of NY, Book 7B, CPLR 214-a, 1982-1983 Pocket Part, p 171.)
Is a hospital in examining the qualifications of potential staff members engaged in the practice of medicine? Section 6521 of the Education Law provides that: “The practice of the profession of medicine is defined as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” In determining whether a potential staff member is licensed and possesses *205 the requisite professional qualifications, a hospital is not engaged in diagnosing; treating, operating or prescribing for a human disease or injury. No exercise of medical skill or experience is involved (see Mossman v Albany Med. Center Hosp., 34 AD2d 263, 264). The court holds that an allegation that a hospital failed to hire qualified medical personnel does not constitute a charge of “medical malpractice” so as to invoke the short Statute of Limitations set forth in CPLR 214-a. This result is supported by the older cases discussing the administrative act-medical act distinction (see Bryant v Presbyterian Hosp., 304 NY 538, supra, and cases cited therein).
The motion of defendant Columbia Memorial Hospital, Inc., for an order dismissing the action as barred by the Statute of Limitations set forth in CPLR 214-a shall be denied, without costs.