■ EDWARD Fox et al., Appellants, v WHITE PLAINS MEDICAL CENTER, Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Dickinson, J.), dated December 19, 1985, which granted the defendant's motion pursuant to CPLR 3017 (c) for an order striking the ad damnum clause from the complaint on the ground that the action sounds in medical malpractice.

Ordered that the order is affirmed, with costs.

After undergoing minor surgery at the defendant hospital, the plaintiff Edward Fox, to whom general anesthesia had been administered, arose from his hospital bed and attempted to walk unassisted to the bathroom. He became dizzy and fell, severely injuring his back. The plaintiffs attribute the accident to the failure of the defendant hospital to have siderails on the patient's hospital bed and maintain that the gravamen of the action is common-law negligence. We disagree and conclude that Special Term did not err in striking the ad damnum clause.

When the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence *(see, Bleiler v Bodnar,* 65 NY2d 65; *Stanley v Lebetkin,* 123 AD2d 854). Inasmuch as the essence of the plaintiffs' allegations here is that an improper assessment of the patient's condition and the degree of supervision required, particularly with regard to his ability to ambulate postoperatively, led to the subject injuries, the action was properly determined to sound in medical malpractice rather than ordinary negligence *(see, Coursen v New York Hosp.-Cornell Med. Center,* 114 AD2d 254, 256; *Lenny v Loehmann,* 78 AD2d 813). The conduct complained of is not such as may be readily assessed on the basis of the common, everyday

experience of the trier of facts *(Miller v Albany Med. Center Hosp.,* 95 AD2d 977, 978; *Hale v State of New York,* 53 AD2d 1025, *lv denied* 40 NY2d 804).

CPLR 3017 (c) requires the elimination of any mention of damages whenever a medical malpractice claim is alleged. "The prohibition is not limited to a specific claim or cause of action within a complaint, but rather applies to the entire complaint which includes an action for medical malpractice" *(Vigo v New York Hosp.,* 113 Misc 2d 972, 975; *accord, Miller v Albany Med. Center Hosp., supra,* at p 979). Were the rule otherwise, the legislative purpose and statutory intent could readily be circumvented merely by pleading alternative causes of action or joining nonmedical defendants *(Pizzingrilli v Von Kessel,* 100 Misc 2d 1062). Accordingly, the ad damnum clause was properly eliminated from both the principal and derivative causes of action. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.