■ ANNA RAUS, Appellant, v WHITE PLAINS HOSPITAL, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Buell, J.), entered December 15, 1988, which granted the defendant's motion pursuant to CPLR 3017 (c) to strike the ad damnum clause from the complaint on the ground that the action sounds in medical malpractice.

Ordered that the order is affirmed, with costs.

The Supreme Court acted properly in striking the ad damnum clause of the plaintiff's complaint pursuant to CPLR 3017 (c) on the basis that the plaintiff's claim against the defendant hospital sounded in medical malpractice rather than common-law negligence. The gravamen of the plaintiff's complaint is that the defendant hospital was negligent in failing to raise all of the side rails on the plaintiff's bed after she received a sedative. According to the record, the left bottom side rail of the plaintiff's bed had been lowered in order to allow her to exercise her bathroom privileges which had previously been ordered by the plaintiff's physician. Approximately nine hours after the plaintiff received the sedative, she fell out of the bed and sustained injuries. Although "no rigid analytical line" separates medical malpractice and negligence, "[c]onduct may be deemed malpractice rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician'.

*(Blieler v Bodnar,* 65 NY2d 65, 72.)" *(Scott v Uljanov,* 74 NY2d 673, 674-675.) The plaintiff's claim in this case is premised on an alleged improper assessment of her condition and as such bears a substantial relationship to the rendition of her medical treatment *(see, Fox v White Plains Med. Center,* 125 AD2d 538). Accordingly, the Supreme Court acted properly in determining that the plaintiff's action sounded in medical malpractice. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.