**Thomas COLE, Plaintiff,**

v.

The **WORLD WRESTLING FEDERATION, Titan Sports, Inc., d/b/a Titan Sports Enterprises, Terry Garvin, Mel Phillips and Pat Patterson (individually and as employees of the defendant business entities), Defendants.**

No. 93–CV–839 (FJS).

United States District Court, N.D. New York.

April 7, 1994.

Antonio Faga, Utica, NY, for plaintiff.

Bond, Schoeneck & King (Thomas E. Myers, of counsel), Syracuse, NY, Kirkpatrick & Lockhart (Steven S. Santoro, of counsel), Pittsburgh, PA, for defendant Titan Sports, Inc.[1]

1. In the case caption, Titan Sports and the World Wrestling Federation are described as separate legal entities. However, in Titan Sports's memorandum of law in support of its motions, Titan

## DECISION AND ORDER

SCULLIN, District Judge:

On February 11, 1994, the court held a hearing on defendants Titan and Phillips's motions to dismiss plaintiff's first cause of action[2], for a more definite statement and for a transfer of venue. At that time, the court reserved decision on the motions. On February 15, 1994, the court conducted a telephone conference with counsel for plaintiff Cole and defendant Titan. In that conference, counsel for plaintiff Cole represented that he did not oppose the transfer of this action to the United States District Court for the District of Connecticut.

After a careful review of the entire file in this matter and the applicable law, it is hereby

ORDERED, that to the extent that information responsive to the motion has not been adduced during discovery, defendants' Titan and Phillips's motion for a more definite statement is GRANTED. It is further

ORDERED, that defendants' Titan and Phillips's motion to dismiss plaintiff's first cause of action is DENIED. It is further

ORDERED, that defendants' Titan and Phillips' motion to transfer venue is GRANTED. The record reveals no event arguably giving rise to this claim that took place in this district. Moreover, the facts before the court indicate that the plaintiff no longer resides in this district and no witness resides in this district. The only party who may reside within this district is defendant Titan which has its principal place of business in Connecticut but which does business throughout the nation. On this record, the court can find no relation between this cause of action and this district. Therefore, in consideration of these findings and plaintiff's unwillingness to oppose the motion to transfer venue, this matter will be transferred to the United States District Court for the District of Connecticut.

**IT IS SO ORDERED.**

identifies itself as "TITAN SPORTS, INC. d/b/a THE WORLD WRESTLING FEDERATION." At oral argument, counsel for Titan confirmed that Titan did business as the World Wrestling Federation. The case caption should be amended to correct this apparent inaccuracy.

2. At oral argument, counsel for defendant Titan asserted that its motion was not in fact a motion to dismiss plaintiff's first cause of action, but instead was one for partial summary judgment. Titan claimed to have accomplished this procedural feat by attaching affidavits and other documents to its motion, thus placing before the court facts beyond those pled in the complaint. In support, Titan cited Fed.R.Civ.P. 12(b) which states that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to *and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (emphasis added).

Titan claimed that, as a matter of law, the court lacked discretion and must consider its motion as one for partial summary judgment. What Titan overlooked, however, is that acceptance of the additional material is discretionary with the court, not mandatory. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir.1992); *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1366 at 491 (1990 & Supp.1993). Only if the court accepts the additional material is the motion then treated as one for summary judgment.

The court notes that Titan filed its motion less than one month after the action was removed to this court. Under such circumstances, accepting additional material as a matter of course would be highly prejudicial to plaintiff and would provide defendants with a powerful weapon in the early stages of litigation.

In view of the above, the court will not convert the instant motion to dismiss into one for summary judgment and will decide the motion on the allegations set forth in the complaint.