Mabel STAVELEY, Plaintiff,

v.

ST. CHARLES HOSPITAL, Defendant.

No. CV–95–5216 (ADS).

United States District Court,
E.D. New York.

June 5, 1997.

Stephen J. Kuzma, Hauppauge, NY, for Plaintiff.

Montfort, Healy, McGuire & Salley, Garden City, NY (Marcle K. Glasser, of counsel), for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This diversity action arises from the claim of the plaintiff, Mabel Staveley, ("Staveley" or the "plaintiff") against the defendant, St. Charles Hospital (the "Hospital" or the "defendant") that she was injured as a patient under the Hospital's care as a result of the defendant's negligence. Presently before the Court is the defendant's motion t dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

### I. *Background*

The following facts are taken from the Complaint. The plaintiff is resident of the State of Pennsylvania. The defendant is a not-for-profit corporation organized under the laws of the State of New York with its principal place of business in Port Jefferson in Suffolk County, New York.

On January 11, 1993, Staveley was a patient at the Hospital, and was recovering from back surgery. At approximately 2:15 p.m. that day, she attempted to summon nurse or other attendant to assist her in getting out of a chair so that she could use the bathroom. After she was unable to obtain assistance, she attempted to "ambulate" to a walker located on the other side of the room. During her attempt to cross the floor she fell and sustained serious injuries including a fractured hip which required surgery.

Based on these allegations, the plaintiff commenced this action by summons and complaint filed December 18, 1995 alleging multiple claims sounding in negligence, namely negligence in providing "services rendered" to the plaintiff, negligence in "heed[ing] the plaintiff's physical condition," and negligence in the hiring and supervision of healthcare personnel. Presently before the Court is the defendant's motion to dismiss the Complaint on statute of limitations grounds.

### II. *Discussion*

■ At the outset, the Court notes that the defendant moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b). Although the Hospital does not specify which subsection of Rule 12(b) it invokes, the Court presumes that the defendant's motion is one to dismiss for failure to state a claim pursuant to Rule 12(b)(6). However, Rule 12(b) provides that "[a] motion making any of these defenses [including failure to state a claim] shall be made before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b). The defendant filed its Answer to the Complaint on February 16, 1996. Accordingly, the Hospital's motion will be treated as one for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), rather than to dismiss for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6).

### A. *Judgment on the pleadings*

■ Judgment on the pleadings is appropriate where material facts are undisputed and a judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988). In considering a motion for judgment on the pleadings, the court must accept as true all of the nonmovant's well pleaded factual allega-

tions, and draw all reasonable inferences therefrom in favor of the non-movant *Davidson v. Flynn,* 32 F.3d 27, 29 (2d Cir.1994); *DeSantis v. United States,* 783 F.Supp. 165, 168 (S.D.N.Y.1992). Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief, the court cannot grant a defendant's motion for judgment on the pleadings. *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.) (when deciding a Rule 12(c) motion, the court applies the same standard as that applicable to a 12(b)(6) motion), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994); *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977).

■ In its discretion and upon notice to the parties, a court may consider materials outside the pleadings. If it does so, and notice is given to the parties, the motion for judgment on the pleadings is treated as one for summary judgment. *Gagliardi v. Village of Pawling,* 18 F.3d 188, 191 (2d Cir.1994); *Sellers,* 842 F.2d at 642; *Tagare v. NYNEX Network Sys. Co.,* 921 F.Supp. 1146, 1149 (S.D.N.Y.1996); *Cole v. World Wrestling Federation,* 155 F.R.D. 27, 28 n. 2 (N.D.N.Y. 1994).

In support of their respective positions, the parties submit affidavits (a declaration in the case of the plaintiff) and related exhibits. As stated above, acceptance of this material in determining a motion for judgment on the pleadings, after notice to the parties, would necessitate conversion of the motion into one for summary judgment. While the defendant indicates in its reply papers that discovery in this case is complete, the Court in an exercise of its discretion, nevertheless declines to convert this motion to one for summary judgment. As a result the Court will not take into consideration any of the supporting material and will focus its attention on the pleadings.

### B. *The Hospital's motion*

The basis for the defendant's motion is that the plaintiff's claims are time barred. At the heart of this issue is whether Staveley's injuries are grounded in ordinary negli-gence, with a three year statute of limitations, *See* N.Y. Civ. L. & Prac. R. ("CPLR") § 214, or medical malpractice, and a 2½ year statute of limitations. *See* CPLR § 214–a. "[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical line separates the two.'" *Weiner v. Lenox Hill Hosp.,* 88 N.Y.2d 784, 787, 650 N.Y.S.2d 629, 631, 673 N.E.2d 914, 916 (1996), quoting, *Scott v. Uljanov,* 74 N.Y.2d 673, 674, 543 N.Y.S.2d 369, 541 N.E.2d 398 (1989); 2B Oscar Leroy Warren, Negligence in the New York Courts § 52.09[3] (1995) (recognizing the significance of categorizing different personal injury claims because of the effect on the attendant statute of limitations).

The Court's analysis begins with the New York Court of Appeals decision, *Bleiler v. Bodnar,* 65 N.Y.2d 65, 489 N.Y.S.2d 885, 479 N.E.2d 230 (1985). In *Bleiler,* the plaintiff visited a hospital emergency room on October 9, 1980 as the result of an eye injury suffered the day before. An unidentified nurse took his medical history and he was examined by the defendant Dr. Roman Bodnar. Dr. Bodnar failed to detect a metal fragment in the plaintiff's eye which ultimately caused a loss of sight. The lawsuit was commenced on April 11, 1983, more than 2½ years later, alleging the following causes of action: (1) against the doctor for failure to take proper medical history and negligently providing medical care; (2) against the nurse for negligence in taking the medical history; (3) against the hospital for vicarious liability based on the conduct of Dr. Bodnar and the nurse; failure to provide competent and qualified nurses and physicians; failure to promulgate rules, regulations and procedures regarding the taking of medical histories and requiring patients complaining of eye injuries being seen by eye specialists; and (4) for being "otherwise negligent." *Id.* at 66–67, 489 N.Y.S.2d at 886, 479 N.E.2d at 231.

The issue before the Court of Appeals was the applicable statute of limitations. After engaging in a comprehensive review of the legislative history of the statute of limitations in medical malpractice cases, the court concluded that the claims for negligent medical

care against the nurse directly, the hospital directly, and the hospital vicariously based on the nurse's conduct sounded in medical malpractice, and were therefore time barred. *Id.* at 69, 489 N.Y.S.2d at 887, 479 N.E.2d at 231–32. In reaching this conclusion, the court stated the standard with respect to nurses as follows, "[o]bviously, not every negligent act of a nurse would be medical malpractice, but a negligent act or omission by a nurse that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpcactice." *Id.* at 71–72, 489 N.Y.S.2d at 889, 479 N.E.2d at 234.

The claims for failure to provide competent emergency room personnel and failure to promulgate proper rules and regulations however, were "for negligence and thus timely." *Id.* at 69, 489 N.Y.S.2d at 887–88, 479 N.E.2d at 232. In sustaining these claims, the court noted that although

[a] hospital in a general sense is always furnishing medical care to patients, ... clearly not every act of negligence toward a patient would be medical malpractice. Where a claim for breach of duty to use due care in the selection of doctors and nurses, and to furnish competent medical care has been recognized, (*see Bryant v. Presbyterian Hosp.*, 304 N.Y. 538, 541–42, 110 N.E.2d 391, 1 Louisell & Williams, Medical Malpractice ¶ 16.08[1], at 16–38; ¶ 16.09[2] ), the requisite elements have been markedly different from a malpractice cause of action. For example, plaintiff would have to establish that the hospital failed to use due care in selecting and furnishing personnel—that is, that it failed to make an "appropriate investigation of the character and capacity of the agencies of service" (*Lewis v. Columbus Hosp.*, 1 A.D.2d 444, 447, 151 N.Y.S.2d 391)—and that such failure was a proximate cause of his injury. Such a claim of negligence would be governed by the three-year Statute of Limitations (*see Gautieri v. New Rochelle Hosp. Ass'n*, 4 A.D.2d 874, 166 N.Y.S.2d 934, *aff'd mem.*, 5 N.Y.2d 952, 183 N.Y.S.2d 803, 157 N.E.2d 172; *Van Slyke v. Columbia Mem. Hosp.*, 118 Misc.2d 203, 204–05, 459 N.Y.S.2d 1013).

*Id.* at 73, 489 N.Y.S.2d at 890, 479 N.E.2d at 235; *see Weiner*, 88 N.Y.2d at 787–88, 650 N.Y.S.2d at 631, 673 N.E.2d at 916 (reiterating the standard and holding that failure to maintain a safe blood supply amounts to a claim of failure to maintain proper procedures which is governed by the three year negligence statute of limitations).

More recent case law has restated the inquiry as follows:

It is well settled that "[c]onduct may be deemed malpractice, rather than negligence when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician'" (*Scott v. Uljanov*, 74 N.Y.2d 673, 674–75, 543 N.Y.S.2d 369, 541 N.E.2d 398, quoting, *Bleiler v. Bodnar*, 65 N.Y.2d 65, 72, 489 N.Y.S.2d 885, 479 N.E.2d 230). " 'The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts'" (*Smith v. Pasquarella*, 201 A.D.2d 782, 783, 607 N.Y.S.2d 489, quoting, *Miller v. Albany Med. Ctr. Hosp.*, 95 A.D.2d 977, 978, 464 N.Y.S.2d 297).

*Barresi v. State*, 232 A.D.2d 962, 649 N.Y.S.2d 207, 209 (3d Dep't 1996); *see Gilinsky v. Indelicato*, 894 F.Supp. 86, 94 (E.D.N.Y.1995).

With respect to the cases addressing fact patterns where an unsupervised patient falls and is injured, the result is not entirely consistent.

In *Zellar v. Tompkins Community Hosp.*, 124 A.D.2d 287, 508 N.Y.S.2d 84 (3d Dep't 1986), the plaintiff, while a patient undergoing treatment for cancer, fell and injured herself attempting to walk from her bed to the bathroom. The plaintiff alleged that the hospital was negligent in failing to provide a bedpan next to the bed, failing to respond to calls for assistance, and failing to maintain adequate staff. In determining the nature of

the plaintiff's claims, the Third Department held that:

> [p]laintiffs essentially maintain that the failure of defendant's employees to timely respond to Zellar's calls for assistance presents a routine question for jury resolution on the basis of common everyday experience. As Special Term observed, however, response time in a hospital speaks directly to the question of patient care, which, in turn, bears a substantial relationship to a patient's overall medical treatment.

*Id.* 508 N.Y.S.2d at 86 (citation omitted). As a result, the Third Department held that the acts involving a nurse's response to a patient's call presents an issue of medical malpractice. However, the court also determined that the claim relating to adequate staffing "speaks to negligence." ' *Id.*

In *Fox v. White Plains Medical Ctr.*, 125 A.D.2d 538, 509 N.Y.S.2d 614 (2d Dep't 1986) the court held that where the hospital failed to provide bed rails to a post operative patient who fell and injured himself attempting to walk unassisted from the bed to the bathroom sounded in medical malpractice rather than ordinary negligence. Of critical importance to the court in reaching this conclusion was the fact that the breach of duty sprang from the alleged improper assessment of the amount of supervision required. *Accord Scott,* 74 N.Y.2d at 675, 543 N.Y.S.2d at 370, 541 N.E.2d at 399 (plaintiff's allegations that hospital improperly assessed supervisory needs of patient who subsequently injured himself climbing out of bed constitutes a claim for medical malpractice); *Smee v. Sisters of Charity Hosp.,* 210 A.D.2d 966, 620 N.Y.S.2d 685 (4th Dep't 1994) (plaintiff's allegations that the hospital failed to properly assess his need for supervision, which culminated in his personal injury when he attempted to raise himself out of a chair and walk to his bed, constituted a claim for medical malpractice); *Raus v. White Plains Hosp.,* 156 A.D.2d 354, 548 N.Y.S.2d 307 (2d Dep't 1989) (where a patient was given a sedative and her bed rail was left down in order for her to use restroom at will, and she subsequently injured herself when she fell out of bed, her personal injury suit sounded in medical malpractice).

However, in *Papa v. Brunswick Gen. Hosp.,* 132 A.D.2d 601, 517 N.Y.S.2d 762 (2d Dep't 1987) (Spatt, J., concurring), the plaintiff injured himself when he fell from his bed, allegedly as the result of the hospital's inadequate supervision. The side rails were raised at the time giving rise to the inference that the plaintiff climbed over the rail or crawled off the end of the bed. Distinguishing *Fox,* the Second Department held that the plaintiff's claims sounded in ordinary negligence because this case did not stem from a claim of improper assessment of the patient's medical condition. As a result, the conduct complained of could be more readily assessed on the basis of the common everyday experience of the trier of facts. *Accord Halas v. Parkway Hosp.,* 158 A.D.2d 516, 551 N.Y.S.2d 279 (2d Dep't 1990) (where elderly patient in frail condition fell out of bed as a result of his bed rail being left down and there was no claim based on improper assessment of the patient's condition, plaintiff's claim sounded in ordinary negligence); *Coursen v. New York Hosp.-Cornell Medical Ctr.,* 114 A.D.2d 254, 499 N.Y.S.2d 52, 54 (1st Dep't 1986) (plaintiff who was assisted in walking through the hospital hallway and was injured when permitted to use restroom unattended stated claim for ordinary negligence).

Applying these standards, the Court denies the Hospital's motion for judgment on the pleadings. At the outset, the Court makes two observations. First, as set forth above, supporting material outside the pleadings, such as the affidavits and exhibits, including the plaintiff's answers to the defendant's interrogatories and her deposition testimony, will not be considered. Second, although the Complaint is not broken down into separate causes of action, Staveley's claims can be divided into two separate theories: (1) negligently failing to provide services, and (2) negligent hiring and retention.

In ruling on the Hospital's motion, the Court considers the following relevant allegations contained in the Complaint:

> On January 11, 1993, at approximately 2:15 p.m., the plaintiff, Mabel Staveley, essentially bedridden due to back surgery, while a patient at defendant's health care facility, summoned a nurse or other health

54

care worker so that she can [sic] be assisted to the toilet, facilities. Her fruitless efforts to obtain assistance resulted in her attempt to ambulate to the walker left across the room for her in the event she needed it. In an effort to secure the aid of the walker, the plaintiff, Mabel Staveley, was caused to fall and was thus seriously injured.

Compl. ¶ 8.

█ With respect to the plaintiff's claim based on negligently failing to provide services, the Court notes that conspicuously absent from the Complaint are any allegations relating to the improper assessment of Staveley's medical condition or her treatment. The only facts alleged are that the plaintiff attempted to summon a nurse and got no response. She was then injured trying to walk without assistance. Based on these facts, it is possible that the cause of her injury does not require evaluation of Staveley's medical treatment.

Further, the Complaint alleges that Staveley's injury was the result of the Hospital's failure to respond to her call, not a refusal to provide assistance after receiving the request. In the Court's view, such a simple and easily understood breach of duty sounds in ordinary negligence as it can be assessed by a lay person without the assistance of expert testimony. While the Court appreciates that this conclusion may run counter to the Third Department's decision in *Zellar*, as discussed above, the Court is not convinced that *Zellar* represents the best interpretation of the law in this field. Further, even assuming that *Zellar* is correct, the Court declines to apply this decision to dismiss Staveley's claims based solely on the pleadings. Accordingly, the defendant's motion to dismiss based on allegations of negligently providing services is denied.

█ Similarly, the Court denies the defendant's motion with respect to the plaintiff's negligent hiring and retention claims. In *Bleiler*, the New York Court of Appeals expressly stated that such a claim has a three year statute of limitations. Accordingly, the plaintiff's cause of action based on this theory is not time barred.

In reaching this conclusion, the Court notes that defendant relies on *Perkins v.*

*Kearney*, 155 A.D.2d 191, 553 N.Y.S.2d 552 (3d Dep't 1990) which holdls that where claims based on inadequate staffing are grounded on an alleged "failure to properly treat and care for [the] plaintiff," the claim will be treated as one for medical malpractice. However, *Perkins* was decided on a motion for summary judgment, where the court considered all of the evidence submitted in affidavits and depositions. Here, the Hospital filed a Rule 12 motion addressed only to the sufficiency of the pleadings.

As a final matter, the Court notes that in presenting her case, Stavely may attempt to raise the question of her medical treatment which would come under the rubric of medical malpractice. Should this issue present itself at a later date, the Hospital is free to again raise the defense of the statute of limitations as to such claims at that time.

III. *Conclusion*

Having reviewed the parties' submissions, and for the reasons set forth above, it is hereby

ORDERED, that the defendant's motion to dismiss the complaint is denied.

SO ORDERED.