137 Nev., Advance Opinion 77

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SOPHIA MONTANEZ,<br>Appellant,<br>vs.<br>SPARKS FAMILY HOSPITAL, INC., A<br>DELAWARE CORPORATION, D/B/A<br>NORTHERN NEVADA MEDICAL<br>CENTER,<br>Respondent. | No. 81312<br><br>FILED<br><br>DEC 09 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing a complaint in a medical malpractice action. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Affirmed.*

Bradley Paul Elley, Incline Village,
for Appellant.

John H. Cotton & Associates, Ltd., and John H. Cotton and Adam A. Schneider, Las Vegas,
for Respondent.

_____

BEFORE THE SUPREME COURT, CADISH, PICKERING, and HERNDON, JJ.

OPINION

By the Court, HERNDON, J.:

NRS 41A.071 provides that "the district court shall dismiss" an action for professional negligence if the action is filed without the requisite

21-35061

affidavit from a medical expert. NRS 41A.100(1)(a), however, allows an exemption from the medical expert affidavit requirement when "[a] foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery." The district court concluded that NRS 41A.100(1)(a) is ambiguous as to whether a "foreign substance" includes bacteria, as appellant Sophia Montanez asserted in her complaint.

In this opinion, we clarify that NRS 41A.100(1)(a) is not ambiguous, and "foreign substance" as used within this statute does not include bacteria. Thus, we conclude that Montanez's medical malpractice claim was not exempt from the affidavit requirement, and her failure to include such an affidavit with her complaint rendered her medical malpractice claim void ab initio. We further conclude that Montanez's premises liability claim sounds in medical malpractice and was therefore also subject to the affidavit requirement and similarly void ab initio. We thus affirm the dismissal of the action.

## FACTS AND PROCEDURAL HISTORY

In 2018, Sophia Montanez underwent a surgical procedure on her right eye at the Northern Nevada Medical Center (NNMC). Shortly after surgery, her eye became infected, and she is now permanently blind in that eye. Montanez filed a complaint seeking damages for her injury, alleging that NNMC was liable for medical malpractice and for a premises liability claim. NNMC filed a motion to dismiss the complaint for failure to attach a medical expert affidavit. Montanez opposed the motion, arguing that a medical expert affidavit was not required because the bacteria that entered her eye was a foreign substance such that her medical malpractice claim was exempt under NRS 41A.100(1)(a). As for the premises liability

claim, Montanez argued that her injuries could have been caused by a mistake that was not medical in nature, but rather "the failure of [NNMC] to have a clean building." She argued that without the benefit of discovery, she had no way of knowing whether the bacteria entered her body due to professional negligence or "simply . . . a business-owner's failure to keep their building clean," which justified her separate premises liability claim. The district court granted NNMC's motion to dismiss, finding that NRS 41A.100(1)(a) was ambiguous but that Montanez's medical malpractice claim was not exempt from the affidavit requirement under NRS 41A.100(1)(a) because "[t]he circumstances surrounding this case will require expert testimony." The court therefore found that Montanez's medical malpractice claim was void ab initio and dismissed it. The district court further found that the gravamen of Montanez's premises liability claim sounded in medical malpractice and therefore dismissed that claim as well.

## DISCUSSION

### Standard of review

"This court reviews a district court's order granting a motion to dismiss for failure to state a claim under a rigorous, de novo standard of review." *Slade v. Caesars Entm't Corp.*, 132 Nev. 374, 379, 373 P.3d 74, 78 (2016) (internal quotations omitted). A complaint should be dismissed for failure to state a claim only "if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). "[T]his court will recognize all factual allegations in [the plaintiff's] complaint as true and draw all inferences in [the plaintiff's] favor." *Id.* A district court's decision that reaches the correct result, even

if for the wrong reason, will be affirmed. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010).

"Statutory interpretation is a question of law, which this court reviews de novo." *Branch Banking & Tr. Co. v. Windhaven & Tollway, LLC*, 131 Nev. 155, 158, 347 P.3d 1038, 1040 (2015) (internal quotations omitted). "[I]f a statute's language is clear and unambiguous, it must be given its plain meaning, unless doing so violates the spirit of the act. A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Griffith v. Gonzales-Alpizar*, 132 Nev. 392, 394, 373 P.3d 86, 87-88 (2016) (internal citation omitted) (internal quotations omitted).

*Bacteria is not a "foreign substance" under NRS 41A.100(1)(a)*

"[A] medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006). NRS 41A.100, however, exempts the plaintiff from providing the affidavit in certain circumstances, including when "[a] foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery." NRS 41A.100(1)(a).

We hold that the district court was incorrect in its finding that NRS 41A.100(1)(a) is ambiguous, because it is clear on the statute's face that "foreign substance" was intended to mean something that a doctor purposefully implanted or used during surgery that was then left in the body unintentionally. This is consistent with *Cummings v. Barber*, in which we stated that NRS 41A.100(1)(a) applies to foreign objects "implanted or used" during the at-issue surgery. 136 Nev. 139, 143, 460 P.3d 963, 967 (2020). Indeed, we have used "foreign substance" to refer to objects such as a surgical needle, *Szydel v. Markman*, 121 Nev. 453, 455, 117 P.3d 200, 201

SUPREME COURT
OF
NEVADA

(O) 1947A

(2005); surgical clips, *Cummings*, 136 Nev. at 140-41, 460 P.3d at 965-66; and wire fragments, *id.*; *see also Jaramillo v. Ramos*, 136 Nev. 134, 135, 460 P.3d 460, 462 (2020).

That said, the district court was correct in that Montanez's claim did not fall within the purview of NRS 41A.100(1)(a). As stated above, the statute is clear on its face that it applies to foreign objects "implanted or used" during surgery; bacteria falls into neither of these categories. Moreover, interpreting "foreign substance" as including bacteria would be contrary to the "spirit of the act," *Griffith*, 132 Nev. at 394, 373 P.3d at 87-88 (internal quotation omitted), since the purpose of the exceptions to the affidavit requirement is "to relieve a plaintiff of the burden and expense of obtaining an expert witness in cases where negligence can be shown based on common knowledge alone." *Cummings*, 136 Nev. at 142, 460 P.3d at 966-67. There are many ways that bacteria could be introduced into and remain in the body during and/or post-surgery, causing a subsequent infection— some of which do not result from the medical provider's negligence. Whether or not a bacterial infection existing in the body post-surgery was caused by a medical provider's professional negligence is beyond the purview of the average person's common knowledge, and thus it is outside the intended scope of the exceptions to the affidavit requirement.

We therefore conclude that although the district court was incorrect in finding that the statute was ambiguous, it was correct in its ultimate conclusion that Montanez's medical malpractice claim should have included a medical expert affidavit and was therefore void ab initio. We

therefore affirm the district court's dismissal of Montanez's medical malpractice claim. *Saavedra-Sandoval*, 126 Nev. at 599, 245 P.3d at 1202.[1]

*Montanez's premises liability claim sounds in medical malpractice and therefore required an expert affidavit to be actionable*

"When the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence." *Papa v. Brunswick Gen. Hosp.*, 132 A.D.2d 601, 603 (N.Y. App. Div. 1987), *cited with approval in Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 642, 403 P.3d 1280, 1284 (2017). A claim is for medical malpractice "if the jury can only evaluate the plaintiff's claims after presentation of the standards of care by a medical expert." *Szymborski*, 133 Nev. at 642, 403 P.3d at 1284. However, if "the reasonableness of the health care provider's actions can be evaluated by jurors on the basis of their common knowledge and experience, then the claim is likely based in ordinary negligence." *Id.* at 642, 403 P.3d at 1284-85. "The distinction between medical malpractice and negligence may be subtle in some cases, and parties may incorrectly invoke language that designates a claim as either medical malpractice or ordinary negligence, when the opposite is in fact true." *Id.* at 642, 403 P.3d at 1285. Because of this, "we must look to the gravamen or substantial point or essence of each claim rather than its form to see whether each individual claim is for medical malpractice or ordinary negligence." *Id.* at 643, 403 P.3d at 1285 (internal quotation omitted).

---

[1]Because we conclude that bacteria is not included within the scope of NRS 41A.100(1)(a), we need not reach Montanez's other arguments in which she takes issue with the district court's factual analysis.

Montanez argues that her injury could be attributable to NNMC's failure to keep its facilities clean, and this is separate from any form of medical malpractice. We conclude, to the contrary, that the level of cleanliness that a medical provider must maintain is *inherently linked* to the provision of medical treatment; this is reflected in the statutes enacted by the Nevada Legislature that regulate medical infection prevention protocol. *See* NRS 439.865 (requiring that Nevada health facilities develop an internal patient safety plan that includes an infection control program to protect the health and safety of patients treated at that medical facility); NRS 439.873 (requiring that a medical facility designate an officer or employee to serve as infection control officer of that medical facility). Where the level of cleanliness relates to the medical services provided, the essence of the claim requires a medical expert affidavit because it sounds in medical malpractice. *See Szymborski*, 133 Nev. at 642, 403 P.3d at 1284 (holding that when the duty that the defendant owes to the plaintiff is substantially related to medical treatment, a breach of such duty sounds in medical malpractice).

Thus, the gravamen of the premises liability claim sounds in medical malpractice, not common negligence, and the claim is also subject to the medical expert affidavit requirement. *See id.*; *see also* NRS 41A.071. As a result, this claim cannot be severed from Montanez's first claim and allowed to proceed.[2] Therefore, we conclude that the district court was correct in dismissing Montanez's premises liability claim.

---

[2]Moreover, Montanez's argument that the only expert that she would be able to find to provide an affidavit would be a "professional janitor" is unavailing. Montanez could have found an expert to testify in an affidavit as to the cleanliness protocols and standards that hospitals are supposed to

## CONCLUSION

The exceptions to the affidavit requirement provided in NRS 41A.100 were enacted for the purpose of allowing plaintiffs to file claims wherein negligence could be deduced with common knowledge alone. Any terms used within the statute, then, should be interpreted according to this purpose. We hold that NRS 41A.100(1)(a) is unambiguous and does not include bacteria in the definition of "foreign substance." We therefore conclude that the district court was correct in dismissing Montanez's medical malpractice claim. We further conclude that Montanez's premises liability claim sounds in medical malpractice, and thus the district court was also correct in dismissing that claim. Accordingly, we affirm the district court's order dismissing Montanez's complaint.

_____, J.
Herndon

We concur:

_____, J.
Cadish

_____, J.
Pickering

follow and, consequently, whether professional negligence as to these protocols would have caused a bacterial infection like Montanez experienced—however, she did not.