■ MARGARET McCORMACK, as Administratrix of the Estate of ROBERT McCORMACK, Deceased, Respondent, v MOUNT SINAI HOSPITAL, Appellant, et al., Defendants. — In a medical malpractice action, defendant Mount Sinai Hospital appeals from so much of an order of the Supreme Court, Queens County (Boyers, J.), dated April 10, 1981, as granted plaintiff's motion for leave to serve an amended complaint setting forth a third cause of action charging simple negligence. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff's time to serve the amended complaint is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. Plaintiff's decedent died on September 17, 1973, four days after he allegedly fell at the defendant hospital while awaiting his discharge. His death was claimed to be the result of a fracture suffered in the

fall, superimposed upon his pre-existing carcinoma of the lung. The fall was alleged to be due to the failure of Mount Sinai Hospital to have a wheelchair available for plaintiff's decedent. Plaintiff's malpractice complaint was reviewed by a medical malpractice panel, which unanimously found no liability. Plaintiff subsequently applied for the instant relief. As the same facts which were alleged in the initial complaint are those serving as a basis for the proposed new cause of action, the amendment was properly allowed, especially since Mount Sinai Hospital has failed to demonstrate that it will be prejudiced thereby (see CPLR 3025, subd [b]; *Watso v City of New York*, 39 AD2d 960). The new cause of action is not merely a subterfuge to have the jury consider the incident without the "sting" of the panel finding. The finding adverse to plaintiff will be considered with respect to the malpractice cause of action, which is to be presented as an alternate theory of recovery. A hospital's duty to provide a working wheelchair is administrative in nature and the alleged failure to discharge that duty may be considered in a cause of action for negligence (see *Holtfoth v Rochester Gen. Hosp.*, 304 NY 27). Appellant has also not been prejudiced by the fact that the malpractice panel did not review the negligence claim. The facts underlying the alleged malpractice were reviewed; nothing further is required to be reviewed by the panel (cf. *Bamert v Central Gen. Hosp.*, 77 AD2d 559, affd 53 NY2d 656). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.