■ BEVERLY MILLER, an Infant, by ROBERT E. MILLER et al., Her Parents, et al., Appellants, v ALBANY MEDICAL CENTER HOSPITAL, Respondent. — Appeal

from an order of the Supreme Court at Special Term (Hughes, J.), entered December 1, 1982 in Albany County, which denied plaintiffs' motion for leave to serve a second amended complaint. The instant action was commenced in December, 1979 by service of a summons and a complaint which alleged, *inter alia,* that the infant plaintiff, Beverly Miller, was admitted to the psychiatric ward of defendant hospital for treatment of an acute mental condition and, on two occasions while an inpatient there, she was the victim of physical and sexual assaults. By order dated July 23, 1981, Special Term directed plaintiffs to serve an amended complaint deleting all references to specific monetary amounts in the request for relief (CPLR 3017, subd [c]). Plaintiffs subsequently moved for an order granting them leave to serve a second amended complaint for the purpose of setting forth two distinct causes of action on behalf of the infant plaintiff; one for ordinary negligence and one for medical malpractice. The instant appeal is from the denial of that motion. A comparison of the presently operative amended complaint with the proposed second amended complaint indicates that the proposed pleading is basically a recasting of the first cause of action in the existing complaint into two separate causes of action. It is thus obvious that a denial of leave to amend cannot be grounded upon any prejudice or surprise resulting therefrom (see *Rife v Union Coll.,* 30 AD2d 504, 504-505). Therefore, the only remaining basis for denying leave to amend is the legal insufficiency or lack of merit of the proposed pleading (*Blasch v Chrysler Motors Corp.,* 93 AD2d 934). Special Term found such absence of merit by interpreting plaintiffs' new first cause of action as charging that defendant was derelict in its "placement of the infant plaintiff in a ward with adult patients of the opposite sex suffering from mental disorders and failing to properly supervise the infant plaintiff and other persons present in the ward". Reasoning that such determinations required the exercise of professional skill and judgment, the court found legal insufficiency in that the first cause of action did not state a separate and distinct claim in ordinary negligence different from the medical malpractice pleaded in the second cause of action. Special Term's appraisal of the first cause of action of the proposed second amended complaint is not lacking in some justification. The pleading is inartfully drawn and certainly some of its allegations (notably all or parts of paragraphs 7, 13C, 13F and 13G) sound in malpractice. It is equally clear, however, that there are allegations in the new first cause of action which could justify recovery on a theory of ordinary negligence. The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts (*Twitchell v MacKay,* 78 AD2d 125, 127; *Hale v State of New York,* 53 AD2d 1025, mot for lv to app den 40 NY2d 804). The proposed first cause of action pleads a failure properly to supervise the infant plaintiff and other patients in the ward and to safeguard her and prevent the infliction of harm on her by her fellow patients. It may well be that the circumstances under which the infant plaintiff sustained harm may be such that defendant's breach of duty of care may only be established by comparison to the standard of care customarily exercised by hospitals in the community and, thus, would involve a question of malpractice (*Mossman v Albany Med. Center Hosp.,* 34 AD2d 263, 264-265). On the other hand, there have been instances in which the conduct of hospital staff during care and treatment has been held more "administrative" than medical in nature and thereby measured by ordinary negligence standards (*Bing v Thunig,* 2 NY2d 656, 660; *Holtforth v Rochester Gen. Hosp.,* 304 NY 27; *McCormack v Mount Sinai Hosp.,* 85 AD2d 596). In some cases

involving institutional failure to supervise inmates or patients, particularly where there was clear notice of the risk of harm, liability has been imposed without reference to professional standards of care (*Martindale v State of New York*, 269 NY 554; *Conte v Hospital for Joint Diseases*, 31 AD2d 744; *Weihs v State of New York*, 267 App Div 233; *Shattuck v State of New York*, 166 Misc 271, affd 254 App Div 926). Moreover, when a risk of harm has been identified through the exercise of medical judgment, a failure to follow through by taking measures to prevent the harm may constitute actionable ordinary negligence (*Ranelli v Society of N. Y. Hosp.*, 295 NY 850; *Eady v Alter*, 51 AD2d 991). Since proof of the kind of circumstances which may give rise to liability for ordinary negligence could be received under the allegations of plaintiffs' first cause of action in the proposed second amended complaint, the legal insufficiency of the pleading was not a valid ground for denying plaintiffs permission to amend (*Blasch v Chrysler Motors Corp.*, 93 AD2d 934, *supra*). Nevertheless, as previously noted, the new first cause of action improperly intermingles allegations of malpractice and ordinary negligence (see CPLR 3014; *Metzger v Posner*, 44 AD2d 837). Therefore, it would have been a more appropriate exercise of discretion for Special Term to have coupled its denial of plaintiffs' motion to amend with leave to renew the motion upon a proposed complaint properly separating the causes of action in malpractice and ordinary negligence. Such proposed amended complaint should not contain a specific monetary demand for damages (CPLR 3017, subd [c]; *Vigo v New York Hosp.*, 113 Misc 2d 972; *Pizzingrilli v Von Kessel*, 100 Misc 2d 1062). Order modified, on the law and the facts, by adding thereto a provision permitting plaintiffs to renew said motion upon a properly pleaded second amended complaint, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.