WILLIAM F. COURSEN, Respondent, v NEW YORK HOSPITAL-CORNELL MEDICAL CENTER et al., Appellants, et al., Defendants.

First Department, February 25, 1986

### APPEARANCES OF COUNSEL

*Charles K. Faillace* of counsel *(Kopff, Nardelli & Dopf,* attorneys), for appellants.

*Larry M. Carlin* of counsel *(Carlin & Newton,* attorneys), for respondent.

### OPINION OF THE COURT

KASSAL, J.

Plaintiff, 63 years of age, was admitted to New York Hospital for a hernia operation, which was performed under local anesthesia on April 6, 1981. The following day, Dr. Tiffany, a resident at the hospital, instructed plaintiff to get out of bed and walk around. About 10 minutes later, a nurse's aide assisted plaintiff out of bed and accompanied him on a walk through the hall, allegedly providing needed physical support. While in the hall, plaintiff expressed a desire to use the bathroom, whereupon, it is claimed, the nurse's aide permitted him to enter the bathroom unaccompanied, during which time plaintiff fainted, sustaining serious personal injuries as he fell to the floor. He was discharged from the hospital on April 14, 1981.

This action was commenced by service of process upon the hospital on May 31, 1984 and upon Dr. Tiffany on June 1, 1984. The limitations period had previously been tolled by plaintiff's filing of a summons with the Clerk of New York County on April 6, 1984 (CPLR 203 [b] [5]). The complaint charges negligence by defendants in failing to supervise plaintiff and in allowing him to remain unattended and without assistance, as a result of which, he sustained severe injuries, including a fractured skull, loss of sense of taste and smell and partial amnesia.

Prior to service of an answer, appellants moved to dismiss pursuant to CPLR 3211 (a) (5), contending that the action sounded in medical malpractice and, therefore, was barred by

the 2½-year Statute of Limitations provided for in CPLR 214-a. Special Term denied the motion, holding that the action was based upon simple negligence principles, not medical malpractice, and was not time barred.

An action to recover for personal injuries or wrongful death against a medical practitioner or a medical facility or hospital may be based either on negligence principles or on the more particularized medical malpractice standard *(see, Hale v State of New York,* 53 AD2d 1025; *Morwin v Albany Hosp.,* 7 AD2d 582; *see also, Bleiler v Bodnar,* 65 NY2d 65). Simple negligence principles are applicable in those cases where the alleged negligent act may be readily determined by the trier of the facts based on common knowledge *(see, e.g., Bleiler v Bodnar, supra,* at pp 73-74 [failure of hospital to provide competent medical personnel or to adopt and enforce proper procedures and regulations]; *Huntley v State of New York,* 62 NY2d 134 [failure of hospital staff member to transmit to hospital psychiatrist communication from psychiatric patient of specific plan to commit suicide]; *Haber v Cross County Hosp.,* 37 NY2d 888 [failure to raise side rails on hospital bed in compliance with hospital regulation]; *Bing v Thunig,* 2 NY2d 656 [negligence in failing to inspect and discover inflammable substance, which had been spilled on a sheet, and allowing it to remain during operative procedure]; *Holtfoth v Rochester Gen. Hosp.,* 304 NY 27 [furnishing a defective wheelchair]; *Dillon v Rockaway Beach Hosp. & Dispensary,* 284 NY 176 [electric light bulb negligently left under sheets by hospital attendant]; *Phillips v Buffalo Gen. Hosp.,* 239 NY 188 [application of scalding hot water bottle to a patient]; *McCormack v Mount Sinai Hosp.,* 85 AD2d 596 [failure to furnish patient with a wheelchair, as required by hospital's rules for the discharge of patients]; *Adams v City of New York,* 285 App Div 868 [discharge of a patient by a nurse contrary to hospital routine and procedure]).

These and other cases hold that negligence rules are applicable in those situations where the issue relating to the exercise of due care may be "easily discernible by a jury on common knowledge." *(Morwin v Albany Hosp., supra,* at p 585.) However, where the directions given or treatment received by a patient is in issue, this requires consideration of the professional skill and knowledge of the practitioner or the medical facility and the more specialized theory of medical malpractice applies *(McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24; *Hale v State of New York,*

*supra; Morwin v Albany Hosp., supra).* Thus, in *Mossman v Albany Med. Center Hosp.* (34 AD2d 263) the court distinguished between a case where there was a failure to equip a hospital bed with side rails after there had been a medical order for their use (negligence) from a failure to use bed rails where there was no medical direction to use such equipment (malpractice). In the former, a jury can determine whether there has been a deviation from due care by applying its own common knowledge and experience, whereas, in the latter, resolution is dependent upon the opinion of a medical expert relating to the alleged departure from the operative standard of care applicable to such professionals.

Applying these principles here, we agree with Special Term that, as to the nurse's aide and the hospital, her employer, expert opinion is unnecessary to enable the trier of the facts to determine whether there was negligence in allowing the patient to enter and remain in the bathroom unattended or without assistance. Whether there was a deviation from the standard of due care is a matter which can be determined by the jurors, as laymen, applying their own common knowledge to the legal principles applicable to the case. Neither specialized medical knowledge nor professional expert testimony is necessary to determine whether the hospital employee acted in a reasonably prudent manner. Therefore, since it is conceded that the action was instituted within the three-year negligence Statute of Limitations, the action was timely commenced as against the hospital.

However, with respect to Dr. Tiffany, the only allegations in the complaint sound in medical malpractice. It is alleged that, "as part of the course of treatment and recuperation" Tiffany instructed plaintiff "to get out of bed and 'walk around' starting the same day as plaintiff's surgery." Whether this amounted to a departure from sound medical practice would necessarily require expert medical testimony to establish a prima facie case *(see, Morgan v State of New York,* 40 AD2d 891, *affd* 34 NY2d 709; *Hale v State of New York, supra; Morwin v Albany Hosp., supra).* Therefore, the more specialized theory of medical malpractice applies and, since the action was not commenced within the applicable 2½-year period of limitations (CPLR 214-a), the complaint as against Dr. Tiffany should have been dismissed.

Accordingly, the order, Supreme Court, New York County (Elliott Wilk, J.), entered November 29, 1984, denying appellants' motion to dismiss the complaint as barred by the 2½-

year Statute of Limitations applicable in medical malpractice actions (CPLR 214-a), should be modified, on the law, only to the extent of dismissing the complaint as against appellant Tiffany and otherwise affirmed, without costs or disbursements.

SANDLER, J. P., ASCH and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on November 29, 1984, unanimously modified, on the law, only to the extent of dismissing the complaint as against appellant Tiffany, and otherwise affirmed, without costs and without disbursements.