■ LEONARD WHITE, Respondent, v SHEEHAN MEMORIAL HOSPITAL, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order which granted defendant's motion to dismiss his complaint pursuant to CPLR 214-a, and defendant appeals from a subsequent order of the same court which granted plaintiff's motion to renew opposition to the motion to dismiss, reversed its prior order, denied the motion to dismiss the complaint and granted plaintiff's motion dismissing the Statute of Limitations defense. The issue presented is whether plaintiff's cause of action is governed by the 2½-year Statute of Limitations for medical malpractice or the three-year Statute of Limitations for negligence.

Plaintiff was admitted to defendant hospital for alcohol-related illness. His room was on the fifth floor. When he was observed to be "up out of bed walking" and "seeing things", a physician's order was obtained to sedate and physically restrain him. Hospital personnel placed plaintiff in restraints, and the charge nurse subsequently checked those restraints. A short time later, plaintiff was discovered on the roof of the second floor immediately below the open window of his fifth floor room. Although plaintiff has no recollection of the incident, it is alleged that he sustained various injuries as the result of falling from the fifth floor to the second floor roof. This action was commenced more than 2½ years but less than three years from the date of his injuries.

In our view, plaintiff's cause of action sounds in negligence and was thus timely commenced. "[A] private hospital is required to exercise reasonable care and diligence in safeguarding a patient, measured by the capacity of the patient to provide for his own safety" (Horton v Niagara Falls Mem. Med. Center, 51 AD2d 152, 154, lv denied 39 NY2d 709). That duty is separate from and independent of a medical decision to use physical restraints in the care of a patient (Horton v Niagara Falls Mem. Med. Center, supra; Lenny v Loehmann, 78 AD2d 813). Here, plaintiff alleges a breach of duty in the failure of defendant to adequately restrain, supervise and exercise care for his safety. He thus alleges a cause of action for common-law negligence, not medical malpractice (see, Huntley v State of New York, 62 NY2d 134).

Accordingly, there is no need to address the issue of the applicability of the continuous treatment doctrine (see, CPLR 214-a; McDermott v Torre, 56 NY2d 399). Were we to do so, however, we would find the doctrine inapplicable. (Appeal from order of Supreme Court, Erie County, Bayger, J.—dis-

miss complaint.) Present—Dillon, P. J., Denman, Boomer, Pine and Schnepp, JJ.