■ GRACE PAPA et al., Respondents, v BRUNSWICK GENERAL HOSPITAL, Appellant, et al., Defendants.—In a negligence ac-

tion to recover damages for personal injuries, etc., the defendant hospital appeals from an order of the Supreme Court, Suffolk County (Willen, J.), dated December 5, 1985, which granted the plaintiffs' motion to dismiss its fourth affirmative defense alleging that the ad damnum clause of the complaint should be dismissed pursuant to CPLR 3017 (c).

Ordered that the order is affirmed, with costs.

The action was commenced, *inter alia,* to recover damages for injuries sustained by the plaintiffs' decedent, Luigi Papa, while he was a patient at the defendant hospital. The complaint alleges that the decedent fell from his hospital bed due to the negligence of the hospital's employees in failing to provide him with proper and adequate supervision. The record reveals that at the time of the incident in question, the decedent was a geriatric patient with multiple medical problems, which included a history of myocardial infarction, arteriosclerotic heart disease, congestive heart failure, renal insufficiency and severe hypertension, for which he had been receiving various medications. On December 27, 1981, a member of the hospital's nursing staff discovered the decedent sitting on the floor of his hospital room. The side rails on his bed were in the up position at the time, permitting the inference that the patient had either climbed over them and fallen or crawled to the foot of his bed and exited therefrom. The plaintiffs thereupon commenced an action charging the defendants with carelessly and negligently failing to restrain the decedent in his bed with the result that he was allowed to fall and strike the floor suffering serious, painful and permanent injuries. Apart from the derivative cause of action, damages of $3,000,000 were sought for the decedent's conscious pain and suffering.

In the course of its responsive pleading, the hospital set forth an affirmative defense seeking to have any mention of monetary amounts stricken from the complaint pursuant to CPLR 3017 (c). CPLR 3017 (c) prohibits any statement of specific monetary damages in a complaint based on medical malpractice. The hospital asserted that this geriatric patient's delicate condition necessitated the use of either a chemical-pharmacological restraint or a physical restraint or both which required professional medical and nursing expertise. In essence, the appellant contends that the plaintiffs' cause of action predicated on the failure of professional nursing personnel to render proper treatment to a patient sounds in medical malpractice and the pleading of such a cause of action may not contain an ad damnum clause.

We conclude, on the facts before us, that Special Term properly granted the plaintiffs' motion to dismiss the subject affirmative defense pursuant to CPLR 3211 (b).

It is well established that hospitals have a duty to exercise reasonable care and diligence in safeguarding a patient, based in part on the capacity of the patient to provide for his own safety (*see, Hendrickson v Hodkin*, 276 NY 252; *Alaggia v North Shore Univ. Hosp.*, 92 AD2d 532; *Horton v Niagara Falls Mem. Med. Center*, 51 AD2d 152, *lv denied* 39 NY2d 709). When the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence (*see, Bleiler v Bodnar*, 65 NY2d 65; *Stanley v Lebetkin*, 123 AD2d 854). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (*Miller v Albany Med. Center Hosp.*, 95 AD2d 977, 978). Where the matter requires the consideration of the professional skill and knowledge of the practitioner or the medical facility, the more specialized theory of medical malpractice applies (*Coursen v New York Hospital-Cornell Med. Center*, 114 AD2d 254, 256).

In the instant case, the allegations of the complaint do not involve diagnosis, treatment or the failure to follow a physician's instructions. Rather, the gravamen of the action concerns the alleged failure to exercise ordinary and reasonable care to insure that no unnecessary harm befell the patient. As such, the instant case is patently distinguishable from *Fox v White Plains Med. Center* (125 AD2d 538) in which this court found that a claim emanating from a patient's fall after attempting to walk unassisted in his hospital room sounded in medical malpractice as opposed to simple negligence. In *Fox*, the essence of the plaintiffs' allegations was that an improper assessment of the patient's condition and the degree of supervision required, particularly with regard to his ability to ambulate postoperatively, led to the subject injuries. Inasmuch as the nature of the conduct complained of herein is such as may more readily be assessed on the basis of the common everyday experience of the trier of facts (*see, Miller v Albany Med. Center Hosp., supra*, at 978; *Hale v State of New York*, 53 AD2d 1025, *lv denied* 40 NY2d 804), Special Term

properly determined that the action sounded in ordinary negligence rather than medical malpractice. The facts presented in this case establish that the patient's condition was delicate and a risk of harm was recognized. When a risk of harm has been identified through the exercise of medical judgment, a failure to follow through by taking measures to prevent the harm may constitute actionable ordinary negligence *(Miller v Albany Med. Center Hosp., supra,* at 979).

Accordingly, Special Term did not err in refusing to eliminate the ad damnum clause from both the principal and derivative causes of action. Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.