■ PAUL HALAS et al., Respondents, v PARKWAY HOSPITAL, INC., Appellant.—

Upon his admission to the defendant hospital, a physical examination disclosed that the 79-year-old plaintiff Paul Halas was very weak and appeared chronically ill with a 105-degree fever. The complaint alleges that Mr. Halas was in his hospital bed with an intravenous tube in his arm when he fell to the floor and broke his hip. The side rails on his bed were in a down position at the time of the fall. The complaint further alleges that the defendant was negligent in permitting Mr. Halas to remain in a hospital bed which lacked proper and adequate safeguards, and in failing to properly supervise him and/or to render him any assistance.

CPLR 3017 (c) prohibits any statement of specific monetary damages in a complaint based on medical malpractice *(see, Fox v White Plains Med. Center,* 125 AD2d 538). Pursuant to this statutory provision, the defendant moved to strike the ad damnum clauses from the complaint. Upon a review of the record, we conclude that the Supreme Court properly denied the defendant's motion.

The critical question in determining whether an action sounds in medical malpractice or simple negligence is the nature of the duty to the plaintiff which the defendant is alleged to have breached *(see, Bleiler v Bodnar,* 65 NY2d 65; *Stanley v Lebetkin,* 123 AD2d 854). It is well established that hospitals have a duty to exercise reasonable care and diligence in safeguarding a patient, based in part on the capacity of the patient to provide for his or her own safety *(see, Hendrickson v Hodkin,* 276 NY 252; *Papa v Brunswick Gen. Hosp.,* 132 AD2d 601; *Alaggia v North Shore Univ. Hosp.,* 92 AD2d 532). When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence *(Stanley v Lebetkin, supra).* "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained

of can instead be assessed on the basis of the common everyday experience of the trier of the facts" *(Miller v Albany Med. Center Hosp.,* 95 AD2d 977, 978; *see also, Coursen v New York Hospital-Cornell Med. Center,* 114 AD2d 254, 256).

Here, the gravamen of the complaint does not involve diagnosis, treatment or the failure to follow a physician's instructions *(see, Papa v Brunswick Gen. Hosp.,* 132 AD2d 601, *supra).* Absent from the pleadings is any claim predicated upon an improper assessment of the patient's condition or the degree of supervision required *(cf., Fox v White Plains Med. Center,* 125 AD2d 538, *supra).* Rather, the facts presented in this case establish that the patient's condition was delicate and a risk of harm was recognized *(see, e.g., Papa v Brunswick Gen. Hosp., supra).* Thus, the essence of the plaintiffs' allegations is the failure to exercise ordinary and reasonable care to insure that no unnecessary harm befell the patient *(see, e.g., Papa v Brunswick Gen. Hosp., supra; Miller v Albany Med. Center Hosp., supra).* Since the nature of the conduct complained of may readily be assessed based upon common everyday experience of the trier of facts, the court properly determined that the action sounded in ordinary negligence. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.