■■ DOROTHY E. SMEE, as Administratrix of the Estate of DONALD E. MORANSKI, Deceased, Respondent, v SISTERS OF CHARITY HOSPITAL OF BUFFALO, Appellant. [620 NYS2d 685] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Plaintiff, Dorothy E. Smee, as administratrix of the

estate of Donald Moranski, commenced this action on July 13, 1989, alleging, *inter alia,* that defendant, Sisters of Charity Hospital of Buffalo (Sisters Hospital), was negligent in failing to supervise Moranski while a patient. Moranski, a 55-year-old diabetic with a history of arteriosclerotic heart disease, was admitted to Sisters Hospital on November 29, 1986 with symptoms suggestive of labyrinthitis and complaints of light-headedness and nausea. On December 8, 1986, the physician's hospital order sheet directed that Moranski could be "up as tolerated". At 10:00 A.M. that day, Moranski was moved from his bed to a chair. About one hour later, a Sisters Hospital nurse was called to Moranski's room; Moranski had fallen while trying to get up from the chair and had hit his head and forearm on a nightstand. He allegedly suffered abrasions, a headache and internal bleeding as a result of the fall.

Supreme Court erred in determining that the action brought by plaintiff was based on ordinary negligence rather than on medical malpractice. Medical malpractice is a form of negligence and, therefore, "no rigid analytical line separates the two" *(Scott v Uljanov,* 74 NY2d 673, 674). Conduct will be deemed malpractice, rather than negligence, when it "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" *(Bleiler v Bodnar,* 65 NY2d 65, 72). If the allegations of lack of due care can be determined by the jury "on the basis of common knowledge, the action sounds in simple negligence; if professional skill and judgment are involved, the more particularized theory of medical malpractice applies [citations omitted]" *(Zellar v Tompkins Community Hosp.,* 124 AD2d 287, 288).

Plaintiff's allegations sound in medical malpractice because they challenge the hospital's assessment of Moranski's need for supervision; "[a]s such, the conduct at issue constituted an integral part of the process of rendering medical treatment to him" *(Scott v Uljanov, supra,* at 675). Placing Moranski, who had complaints of light-headedness and nausea, in a chair for a period of time without supervision involved medical judgment.

Unlike *White v Sheehan Mem. Hosp.* (119 AD2d 989), where hospital personnel were required to place plaintiff in restraints because of his alcohol-related illness, and *Kerker v Hurwitz* (163 AD2d 859), where the decedent had made a previous attempt to hang himself and the hospital was aware

of his suicidal tendencies, defendant here was not on clear notice that, if Moranski was unsupervised, he would fall after being seated in a chair. Further, whether "defendant's employees deviated from [the standard of care customarily exercised by hospitals in the community] cannot be determined without a full appreciation and understanding of the operational demands and practices of a medical facility" *(Zellar v Tompkins Community Hosp., supra,* at 289). Therefore, plaintiff's action must be dismissed as untimely *(see,* CPLR 214-a). (Appeal from Order of Supreme Court, Erie County, Gossel, J. —Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.