(March 19, 2002)

■ WILLIAM REARDON, Appellant, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents. [739 NYS2d 65] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 14, 2000, which granted defendants' motion to dismiss the complaint at the close of plaintiff's evidence, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for a new trial.

Plaintiff's decedent, Susan Reardon, a heart transplant recipient, fell while being helped down from the examining table after undergoing a follow-up biopsy at the Cardiac Catheteriza-

tion Laboratory of the Presbyterian Hospital in the City of New York, sustaining a fractured hip.* Although plaintiffs asserted causes of action in both medical malpractice and ordinary negligence, upon pretrial motion the court dismissed the malpractice claim, permitting plaintiff to proceed with the negligence claim.

At trial, plaintiff offered the testimony of defendant Howard Levin, M.D., an employee of Presbyterian Hospital, who stated that after he conducted the biopsy, he helped Ms. Reardon off the examining table. He first asked her if she was dizzy and she indicated that she was not. Then, believing that his assistance was enough to help Ms. Reardon off the table, although there was a nurse in the room who could have assisted, he stood on Ms. Reardon's right side and held her under and on top of her right arm as she stepped off the table on to a stepstool. She then fell to her left, taking Levin with her. At the time of the accident Ms. Reardon was 40 years old, 4 feet, 11 inches tall and weighed 155 pounds. Dr. Levin testified that he weighed between 210 and 215 pounds, and was 6 feet, 1 inch tall.

At the close of plaintiff's case, the defense moved for dismissal of the only remaining claim, for negligence, contending that since the task of helping the patient alight from the table was part of the medical procedure and/or part of the doctor-patient relationship, the claim necessarily was for medical malpractice. Consequently, defendants argued, the failure to provide testimony by a medical expert was fatal to the claim, rendering the evidence insufficient to constitute a prima facie case of medical malpractice. The trial court granted the motion.

Contrary to the trial court's decision, we conclude that testimony by a medical expert was unnecessary for plaintiff's prima facie case. "If the allegations of lack of due care can be determined by the jury 'on the basis of common knowledge, the action sounds in simple negligence; if professional skill and judgment are involved, the more particularized theory of medical malpractice applies'" (*Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966, 967, quoting *Zellar v Tompkins Community Hosp.*, 124 AD2d 287, 288). In *Smee* (*supra*), the determination that the plaintiff's claim sounded in medical malpractice was based upon the reasoning that she was challenging the hospital's medical assessment regarding her need for supervision while seated in a chair, given her symptoms when she arrived at the hospital. In *Stanley v Lebetkin* (123 AD2d

---

* Her subsequent death was unrelated to the accident.

854, 855), another case in which a plaintiff fell in stepping off an examining table, the Court's conclusion that the claim sounded in medical malpractice was based predominantly upon the allegations of the plaintiff's complaint asserting that the physician should have kept her under constant surveillance "in view of her [medical] complaints" (internal quotation marks omitted).

Here, plaintiff's claim is not based upon an assertion that an improper assessment of her medical condition played any role in determining how to help her off the table (*see, Halas v Parkway Hosp.*, 158 AD2d 516, 517). Rather, "the essence of the plaintiff['s]" allegations is the failure to exercise ordinary and reasonable care to insure that no unnecessary harm befell the patient" (*id.*).

Specifically, notwithstanding Dr. Levin's testimony that getting a patient off the examining table and making sure that she could stand up straight and walk around was part of the medical procedure and the doctor-patient relationship, resolution of this cause of action required only consideration of Dr. Levin's common sense and judgment regarding whether two people should have helped Reardon off the table. Plaintiff's claim was not based upon Dr. Levin's assessment of Ms. Reardon's medical condition. Therefore, the decision of defendant doctor to help plaintiff's decedent off of the examining table by himself, rather than calling over another employee of defendant hospital for assistance, was not the type of decision requiring the input of an expert with medical training who has earned the degree of M.D. Plaintiff therefore had no obligation to offer any expert testimony showing that such conduct deviated from an accepted standard of care. Concur—Williams, P.J., Saxe, Rosenberger, Wallach and Lerner, JJ.