■ ESTATE OF RUBY BELL, Deceased, by CAROL ANN TODZIA, Appellant, v WSNCHS NORTH, INC., Doing Business as NEW ISLAND HOSPITAL, Now Known as ST. JOSEPH'S HOSPITAL, et al., Respondents. [59 NYS3d 475]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Palmieri, J.), dated September 18, 2015, which granted the defendants' motion for summary judgment dismissing the complaint as time-barred, and (2) a judgment of the same court entered November 4, 2015, which, upon the order, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The sole issue to be determined on this appeal is whether the 2½-year statute of limitations applicable to an action sounding in medical malpractice (*see* CPLR 214-a) or the three-year statute of limitations for an ordinary negligence action (*see* CPLR 214 [5]) is applicable. The critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached. A hospital or medical facility has a general duty to exercise reasonable care and diligence in safeguarding a patient, based in part on the capacity of the patient to provide

for his or her own safety (*see Hendrickson v Hodkin*, 276 NY 252, 258-259 [1937]; *Papa v Brunswick Gen. Hosp.*, 132 AD2d 601, 603 [1987]). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (*Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978 [1983]; *see Halas v Parkway Hosp.*, 158 AD2d 516, 516-517 [1990]). Generally, a claim will be deemed to sound in medical malpractice "when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996], quoting *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]; *Rey v Park View Nursing Home*, 262 AD2d 624, 626-627 [1999]; *Payette v Rockefeller Univ.*, 220 AD2d 69, 71-72 [1996]; *Halas v Parkway Hosp.*, 158 AD2d at 516-517). Thus, when the complaint challenges a medical facility's performance of functions that are "an integral part of the process of rendering medical treatment" and diagnosis to a patient, such as taking a medical history and determining the need for restraints, the action sounds in medical malpractice (*Scott v Uljanov*, 74 NY2d 673, 675 [1989]; *see Caso v St. Francis Hosp.*, 34 AD3d 714, 714-715 [2006]; *Rey v Park View Nursing Home*, 262 AD2d at 626-627; *Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966, 967 [1994]; *Fox v White Plains Med. Ctr.*, 125 AD2d 538 [1986]).

Here, in support of their motion for summary judgment dismissing the complaint as time-barred, the defendants established, prima facie, that this action, commenced on April 12, 2012, was barred by the 2½-year statute of limitations applicable to medical malpractice actions. The defendants' evidence showed that on April 12, 2009, the plaintiff's decedent, Ruby Bell (hereinafter the decedent), was admitted to New Island Hospital with a history of dementia, and placed on "Fall Prevention Protocol." After the decedent was found standing at her bedside trying to remove her foley catheter, a physician ordered that she be restrained with a vest and wrist restraints. On the morning of April 18, 2009, the decedent was discovered sitting on the floor next to her bed. The bed's side rails were up and the decedent was not aware of how she came to be on the floor. She had apparently fallen while trying to climb out of her bed. Thereafter, the decedent was diagnosed with a distal radius fracture of the right forearm. The plaintiff alleged that this incident arose out of the failure of the defendants' staff to

follow the physician's order to restrain her (*see Collins v New York Hosp.*, 49 NY2d 965, 967 [1980]; *Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 [1968]; *Caso v St. Francis Hosp.*, 34 AD3d 714 [2006]; *Kless v Paul T.S. Lee, M.D., P.C.*, 19 AD3d 1083 [2005]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, the allegations at issue essentially challenged the defendants' assessment of the decedent's supervisory and treatment needs (*see Scott v Uljanov*, 74 NY2d 673 [1989]). Thus, the conduct at issue derived from the duty owed to the decedent as a result of the physician-patient relationship and was substantially related to her medical treatment (*see Caso v St. Francis Hosp.*, 34 AD3d 714 [2006]; *Chaff v Parkway Hosp.*, 205 AD2d 571, 572 [1994]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint as time-barred. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.