Brown v Onesti (2018 NY Slip Op 06224)





Brown v Onesti


2018 NY Slip Op 06224


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-05487
 (Index No. 510835/14)

[*1]Harry Brown, appellant, 
v
Stephen T. Onesti, etc., respondent. TJ Morrow, New York, NY, for appellant.


Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated April 18, 2016. The order granted the defendant's cross motion for summary judgment dismissing the complaint as time-barred and denied, in effect, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
In November 2014, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained due to a neurostimulation device that the defendant physician implanted in the plaintiff's body on or about February 27, 2009. The device allegedly malfunctioned and was subsequently removed from the plaintiff's body by another physician. The plaintiff moved for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint as time-barred. In an order dated April 18, 2016, the Supreme Court granted the defendant's cross motion and denied, in effect, as academic, the plaintiff's motion. The plaintiff appeals.
In support of his cross motion, the defendant established, prima facie, that this action, which was commenced in November 2014, was barred by the 2½-year statute of limitations applicable to medical malpractice actions (see CPLR 214-a; Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499). The plaintiff failed to raise a triable issue of fact in opposition. Contrary to the plaintiff's contention, the conduct at issue derived from the duty owed to the plaintiff by the defendant as a result of the physician-patient relationship and was substantially related to the plaintiff's medical treatment (see Estate of Bell v WSNCHS N., Inc., 153 AD3d at 500).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's cross motion for summary judgment dismissing the complaint as time-barred, and to deny, in effect, as academic, the plaintiff's motion for summary judgment on the issue of liability.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court