Jeter v New York Presbyt. Hosp. (2019 NY Slip Op 04148)





Jeter v New York Presbyt. Hosp.


2019 NY Slip Op 04148


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-08843
 (Index No. 507229/14)

[*1]Kitt Jeter, appellant, 
v
New York Presbyterian Hospital, respondent.


Ugo Uzoh, P.C., Brooklyn, NY (Ugochukwu Uzoh of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and William P. Brady of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin Solomon, J.), dated July 20, 2016. The order granted the defendant's motion to compel the plaintiff to provide a certificate of merit pursuant to CPLR 3012-a and to transfer the action to the Medical Malpractice Part, denied that branch of the plaintiff's cross motion which was to dismiss the defendant's seventh affirmative defense, and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint only to the extent of permitting the plaintiff to add a cause of action alleging medical malpractice.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for leave to amend the complaint only to the extent of permitting the plaintiff to add a cause of action alleging medical malpractice, and substituting therefor a provision granting that branch of the motion in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
After the plaintiff underwent surgery on October 24, 2012, at the defendant hospital (hereinafter the hospital), she developed significant memory loss and threatened to leave the hospital on numerous occasions. During her stay at the hospital, based on recommendations by a psychiatrist, the plaintiff was at times placed under one-on-one supervision or in a "cluster room." The plaintiff went missing from the hospital and allegedly sustained injuries before she was found five days later.
The plaintiff commenced this action alleging, inter alia, that the hospital was negligent in failing to provide her with the proper care and supervision. The hospital moved to compel the plaintiff to provide a certificate of merit pursuant to CPLR 3012-a and to transfer the action to the Medical Malpractice Part, contending that the plaintiff's complaint sounded in medical malpractice rather than ordinary negligence. The plaintiff opposed the motion and cross-moved for leave to amend the complaint and to dismiss the hospital's seventh affirmative defense, which alleged that she failed to comply with CPLR 3012-a. The Supreme Court, finding that the complaint stated a cause of action to recover damages for medical malpractice, granted the hospital's motion, denied that branch of the plaintiff's cross motion which was to dismiss the hospital's seventh affirmative defense, and granted that branch of the plaintiff's motion which was for leave to amend the complaint only to the extent of permitting the plaintiff to add a cause of action alleging medical [*2]malpractice. The plaintiff appeals.
The critical factor to be decided here is the nature of the duty owed to the plaintiff that the hospital is alleged to have breached. A hospital or medical facility has a general duty to exercise reasonable care and diligence in safeguarding a patient, based in part on the capacity of the patient to provide for his or her own safety (see Hendrickson v Hodkin, 276 NY 252, 258-259; Papa v Brunswick Gen. Hosp., 132 AD2d 601, 603). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (Miller v Albany Med. Ctr. Hosp., 95 AD2d 977, 978; see Halas v Parkway Hosp., 158 AD2d 516, 516-517). Generally, a cause of action will be deemed to sound in medical malpractice "when the challenged conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician'" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 788, quoting Bleiler v Bodnar, 65 NY2d 65, 72; see Rey v Park View Nursing Home, 262 AD2d 624, 626-627; Payette v Rockefeller Univ., 220 AD2d 69, 71-72; Halas v Parkway Hosp., 158 AD2d at 516-517). Thus, when the complaint challenges the medical facility's performance of functions that are "an integral part of the process of rendering medical treatment" and diagnosis to a patient, such as taking a medical history and determining the need for restraints, it sounds in medical malpractice (Scott v Uljanov, 74 NY2d 673, 675; see Caso v St. Francis Hosp., 34 AD3d 714, 714-715; Rey v Park View Nursing Home, 262 AD2d at 626-627; Smee v Sisters of Charity Hosp. of Buffalo, 210 AD2d 966, 967; Fox v White Plains Med. Ctr., 125 AD2d 538).
Here, we agree with the Supreme Court's determination that the complaint contained allegations of medical malpractice. Contrary to the plaintiff's contentions, the allegations at issue essentially challenged the hospital's assessment of the plaintiff's supervisory and treatment needs (see Scott v Uljanov, 74 NY2d 673). Thus, the conduct at issue derived from the duty owed to the plaintiff as a result of a physician-patient relationship and was substantially related to her medical treatment (see Caso v St. Francis Hosp., 34 AD3d 714; Chaff v Parkway Hosp., 205 AD2d 571, 572). Therefore, we agree with the court's determination to grant the hospital's motion and to deny that branch of the plaintiff's cross motion which was to dismiss the hospital's seventh affirmative defense.
However, the Supreme Court should have granted, in its entirety, that branch of the plaintiff's cross motion which was for leave to amend the complaint. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732; see RCLA, LLC v 50-09 Realty, LLC, 48 AD3d 538). Here, there was no showing of prejudice, and the plaintiff's proposed amended complaint was not papably insufficient or patently devoid of merit. Therefore, the court should not have limited the allegations that the plaintiff could include in her amended complaint.
The plaintiff's remaining contention, that the Supreme Court improperly dismissed her cause of action sounding in ordinary negligence, is without merit because the court did not direct dismissal of any cause of action in the order appealed from.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court