Wesolowski v St. Francis Hosp. (2019 NY Slip Op 06646)





Wesolowski v St. Francis Hosp.


2019 NY Slip Op 06646


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-11625
 (Index No. 16930/08)

[*1]Jo-Ann Wesolowski, etc., appellant,
v
St. Francis Hospital, respondent.


Dell & Dean, PLLC, Garden City, NY (Michael D. Schultz of counsel), for appellant.
Kutner Friedrich, LLP, New York, NY (Tracy Solomon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered September 15, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
Edward Wesolowski (hereinafter the decedent) allegedly was injured during an incident on August 12, 2005, while he was a patient at the defendant hospital. The decedent got out of bed in a "confused" state, started to walk through the hallway, refused assistance, and attempted to hit hospital staff. On August 7, 2008, the plaintiff commenced this action, inter alia, to recover damages for personal injuries, alleging, among other things, that the defendant was negligent in failing to train its employees to safely restrain patients. Thereafter, the defendant moved for summary judgment dismissing the complaint as time-barred under the 2½ -year statute of limitations applicable to medical malpractice actions. The defendant argued that the action sounded in medical malpractice, rather than general negligence, since the plaintiff alleged that the decedent was improperly restrained, which related to his medical treatment. In an order entered September 15, 2017, the Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
" The critical question in determining whether an action sounds in medical malpractice or simple negligence is the nature of the duty to the plaintiff which the defendant is alleged to have breached'" (Moore v St. James Health Care Ctr., LLC, 141 AD3d 701, 702, quoting Halas v Parkway Hosp., 158 AD2d 516, 516). " When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence'" (Moore v St. James Health Care Ctr., LLC, 141 AD3d at 702, quoting Halas v Parkway Hosp., 158 AD2d at 516). " The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common [*2]everyday experience of the trier of the facts'" (Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499, quoting Miller v Albany Med. Ctr. Hosp., 95 AD2d 977, 978).
Here, the defendant failed to establish, prima facie, that the plaintiff's claims were time-barred under the 2½-year statute of limitations applicable to medical malpractice actions (see CPLR 214-a). Since the defendant did not present any evidence that a doctor ordered the decedent to be restrained at any point prior to or during the subject incident, the defendant failed to establish that the plaintiff's claims related to medical treatment, as opposed to the failure of hospital staff to exercise ordinary and reasonable care to prevent harm to the decedent (see D'Elia v Menorah Home & Hosp. for Aged & Infirm, 51 AD3d 848, 851-852; Reardon v Presbyterian Hosp. in City of N.Y., 292 AD2d 235, 237; Dispenzieri v Hillside Psychiatric Hosp., 283 AD2d 389, 390; Halas v Parkway Hosp., 158 AD2d at 517; White v Sheehan Mem. Hosp., 119 AD2d 989; cf. Estate of Bell v WSNCHS N., Inc., 153 AD3d 498). Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court