| |
|---|
| **Boykins v North Shore Univ. Hosp.** |
| 2025 NY Slip Op 34390(U) |
| November 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151887/2022 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. RICHARD G. LATIN**

*Justice*

PART 46M

-----------------------------------------------------------------------------X

MARY BOYKINS,

Plaintiff,

- v -

NORTH SHORE UNIVERSITY HOSPITAL, NORTHWELL HEALTH PHYSICIAN PARTNERS, NORTHWELL HEALTH PHYSICIAN PARTNERS CARDIOLOGY, S&A UNIFIED HOME CARE INC.,MARIA RAYMUNDO DE CERRITOS

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151887/2022 |
| MOTION DATE | 01/24/2025, 01/24/2025 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 92

were read on this motion to/for                                      DISMISSAL                                      .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 60, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 93, 94

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

S&A Unified Home Care Inc. and Maria Raymundo De Cerritos' ("Cerritos") motion pursuant to CPLR 3212 for an order granting summary judgment (NYSCEF # 31) and defendants North Shore University Hospital s/h/a North Shore University Hospital, North Shore University Hospital s/h/a Northwell Health Physician Partners, and North Shore University Hospital s/h/a Northwell Health Physician Partners Cardiology's ("North Shore" collectively) motion pursuant to CPLR 3212 for an order granting summary judgment (NYSCEF # 41) are determined as follows:

[* 1]

## Background

Plaintiff, then age 77 years old, arrived at Northwell University Hospital for a medical appointment located on 70 Glen Street, Glen Cove, New York 11542 (NYSCEF # 36 ¶ 5; NYSCEF # 32 at 1). Plaintiff was accompanied by defendant Cerritos who was an aide to plaintiff (NYSCEF # 32 at 1; NYSCEF # 37 at 42). Cerritos was an employee of S&A Unified Home Care Inc. In addition, plaintiff used a rollator to provide support for her walking (NYSCEF # 37 at 44). Plaintiff was moving from one room to another, and plaintiff alleged she fell when her rollator caught a chair (NYSCEF # 49 at 55). Plaintiff testified she notified her aid Cerritos about the chairs and was told that she can still walk through (*see id.*).

> "Why all these chairs out here? I can't get through the chairs." She says, "Oh, you can get through there, honey. Come on." I said, "These chairs, it's blocking me. I can't get my rollator through here." She said, "Oh, yes, you can. Come on, honey, come on." So I proceeded to go through the hall with my rollator, and my rollator caught on this chair, and that's when I fell" (*id.*).

Plaintiff also testified Cerritos was on plaintiff's left side while walking, and a nurse was in front of plaintiff (*see id.* at 56).

## Discussion

A party moving for summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp*, 68 NY2d 320 [1986]). Once a showing has been made, the burden shifts to the parties opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In the presence of a genuine issue of material fact, a motion for summary judgment must be denied (*see Grossman v Amalgamated Haus. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]).

**151887/2022  BOYKINS, MARY vs. NORTH SHORE UNIVERSITY HOSPITAL ET AL**   **Page 2 of 7**
**Motion No.  001 002**

2 of 7

[* 2]

**Medical Malpractice & Negligence**

The critical question in determining whether an action involves medical malpractice or simple negligence is the nature of the duty to the plaintiff which the defendant is alleged to have breached (*see Bleiler v Bodnar*, 65 NY2d 65, 66 [1985]; *see also Halas v Parkway Hosp., Inc.*, 158 AD2d 516 [2d Dept 1990]). It is well established that hospitals have a duty to exercise reasonable care and diligence in safeguarding a patient, based in part on the capacity of the patient to provide for his or her own safety (*see Halas*, 158 AD2d 516 [2d Dept 1990], citing *Hendrickson v Hodkin*, 276 NY 252, 258 [1937]).

Medical malpractice is a form of negligence and, therefore, "no rigid analytical line separates the two" (*Scott v Uljanov*, 74 NY2d 673, 674 [1989]). Conduct may be deemed malpractice, rather than negligence, when it "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*id.* at 675, quoting *Bleiler*, 65 NY2d at 72). "If the allegations of lack of due care can be determined by the jury on the basis of common knowledge, the action sounds in simple negligence; if professional skill and judgment are involved, the more particularized theory of medical malpractice applies" (*Reardon v Presbyt. Hosp. in City of New York*, 292 AD2d 235, 236 [1st Dept 2002], citing *Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966, 967 [4th Dept 1994] [finding the hospital's conduct of supervising patient who had complained of light-headedness and nausea and then fell from a chair without supervision involved medical judgment to constitute a malpractice action]). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (*Halas*, 158 AD2d at

**151887/2022  BOYKINS, MARY vs. NORTH SHORE UNIVERSITY HOSPITAL ET AL**          **Page 3 of 7**
 **Motion No.  001 002**

3 of 7

516-17, quoting *Miller by Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978 [3d Dept 1983]; *see also Coursen v New York Hosp.-Cornell Med. Ctr.*, 114 AD2d 254, 256 [1st Dept 1986]).

In contrast to malpractice actions, simple negligence principles are applicable in cases where the alleged negligent act may be readily determined by the trier of the facts based on common knowledge (*see Bleiler*, 65 NY2d at 73-74 [failure of hospital to provide competent medical personnel or to adopt and enforce proper procedures and regulations]; *see Huntley v State*, 62 NY2d 134, 137-38 [1984] [failure of a hospital staff member to transmit to hospital psychiatrist communication from psychiatric patient of specific plan to commit suicide]; *Haber v Cross County Hosp.*, 37 NY2d 888, 889 [1975] [failure to raise side rails on hospital bed in compliance with hospital regulation]; *Bing v Thunig*, 2 NY2d 656, 666-67 [1957] [negligence in failing to inspect and discover inflammable substance, which had been spilled on a sheet, and allowing it to remain during operative procedure]; *Holtfoth v Rochester Gen. Hosp.*, 304 NY 27, 32 [1952] [furnishing a defective wheelchair is deemed an administrative act and not malpractice]; *McCormack v Mount Sinai Hosp.*, 85 AD2d 596, 597 [2d Dept 1981] [finding a hospital's duty to provide a working wheelchair is administrative in nature and the alleged failure to discharge that duty may be considered in a cause of action for negligence]; *Adams v City of New York*, 285 AD 868 [1st Dept 1955] [finding the failure of the doctor and the nurse to make a note of the doctor's direction to keep the patient for further observation and the discharge of the patient by the nurses contrary to hospital routine were administrative acts and negligence on the part of defendant]).

Thus, in such negligence cases, a jury can determine whether there was a deviation from due care by applying its own common knowledge and experience (*see Coursen*, 114 AD2d at 257). In contrast, for malpractice cases, resolution is dependent upon the opinion of a medical expert

151887/2022   BOYKINS, MARY vs. NORTH SHORE UNIVERSITY HOSPITAL ET AL          Page 4 of 7
Motion No.  001 002

[* 4]                                                     4 of 7

relating to the alleged departure from the operative standard of care applicable to such professionals (*see id.*).

Here, the facts presented in this case establish that plaintiff's age and physical condition provide a recognizable risk of harm (NYSCEF # 1). Applying the principles stated above, there is a question of fact in determining whether there was negligence regarding plaintiff's fall and injury (s*ee Coursen*, 114 AD2d at 257). In particular, the essence of the plaintiff's allegations is based on the "negligence of the defendants, their agents, servants and employees" (NYSCEF # 1 at 6).

In their papers, North Shore defendants' arguments pertain to medical malpractice, which does not apply in this action (NYSCEF # 42). The Northwell defendants aver that the care rendered to plaintiff was "within good and accepted standards of medical practice" and provide support through experts such as Dr. Sakalis (*id.* at 6-11; NYSCEF 94). Instead of medical malpractice, simple negligence principles would apply to the North Shore defendants (*see Bleiler*, 65 NY2d at 73-74).

Plaintiff's fall from walking from one room to another for an examination does not constitute "medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Scott*, 74 NY2d at 675). Rather, a duty to keep a hospital's walkways clear from tripping hazards and preventing elderly patients from falling qualify as administrative acts (*see Adams*, 285 AD at 868). Furthermore, Susan Lazo, an employee from Northwell Hospital, testified that although it was not part of her duties, she watches how patients like plaintiff move and walk and "if they need a hand, I give them a hand" (NYSCEF # 50 at 28). During plaintiff's injury, Lazos testified she was "probably 3 feet behind her" (*id.* at 50). Thus, based on such factors, there is a question of fact on whether the Northwell defendants were negligent regarding plaintiff's injury.

[* 5]

Next, there is question fact on whether Cerritos and S&A Unified Home Care Inc. were negligent regarding plaintiff's fall. As stated earlier, plaintiff testified that Cerritos, an employee of S&A Unified Home Care Inc., was beside plaintiff when the accident occurred (NYSCEF # 49 at 56). Furthermore, Cerritos testified that one of her duties as an aide was she "needed to be attentive when they would walk, make sure they do not fall" (NYSCEF # 51 at 21). Thus, because Cerritos testified that one of her responsibilities was to make sure plaintiff does not fall, and in fact plaintiff did fall, there is a question of fact on whether Cerritos and S&A Unified Home Care Inc. were negligent.

Whether there was a deviation from the standard of due care is a matter which can be determined by the jurors, as laymen, who would apply their own common knowledge and everyday experience to the legal principles applicable to this case (*see Reardon*, 292 AD2d at 237). While plaintiff's medical malpractice claims would not apply in this action, plaintiff's negligence cause of action remains.

Thus, based on the papers and the reasons stated on the record after oral argument, and after conforming the facts to the pleadings, the complaint on its face and the facts adduced throughout discovery sound in garden variety negligence. To the extent plaintiff can be viewed to have an additional medical malpractice claim, Northwell defendants' motion is successful in dismissing that claim. Nevertheless, questions of fact remain as to the matter to how plaintiff sustained her injury during her fall.

Accordingly, both defendants' motions are denied as to plaintiff's negligence claim and Northwell defendants' medical malpractice claim is granted.

151887/2022   BOYKINS, MARY vs. NORTH SHORE UNIVERSITY HOSPITAL ET AL          Page 6 of 7
Motion No.  001 002

6 of 7

## **Conclusion**

In view of the above, it is

ORDERED that S&A Unified Home Care Inc. and Maria Raymundo De Cerritos' motion

for summary judgment is denied; and it is further

ORDERED that defendants North Shore University Hospital s/h/a North Shore University

Hospital, North Shore University Hospital s/h/a Northwell Health Physician Partners, and North

Shore University Hospital s/h/a Northwell Health Physician Partners Cardiology's motion for

summary judgment is granted to the medical malpractice claim, but is denied pertaining to

plaintiff's negligence claim.

| | | | | |
|---|---|---|---|---|
| **11/17/2025** | | | | |
| **DATE** | | | **RICHARD G. LATIN, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**151887/2022   BOYKINS, MARY vs. NORTH SHORE UNIVERSITY HOSPITAL ET AL**           **Page 7 of 7**
**Motion No.  001 002**

7 of 7

[* 7]